UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| AXG ROOFING, LLC, d/b/a ZAGS ROOFING,<br><br>Plaintiff,<br><br>v.<br><br>CITIZENS INSURANCE OF MICHIGAN, *et al.*,<br><br>Defendants. | Case No. 25-10613<br>Honorable Laurie J. Michelson |

## ORDER DISMISSING COMPLAINT [1]

On March 5, 2025, AXG Roofing, LLC, brought this lawsuit against Defendants Citizens Insurance of Michigan, BMS Cat of Michigan, LLC, and Obsidian Specialty Insurance Company. (ECF No. 1.) It alleged that Obsidian materially breached its contract when it failed to defend AXG Roofing and BMS against a lawsuit filed by Citizens Insurance. (*Id*. at PageID.6.) But AXG's complaint left the Court uncertain that it had subject matter jurisdiction over the case.

So, on March 10, the Court issued an order instructing "by March 21, 2025, AXG Roofing shall show cause, in writing, that this Court has subject-matter jurisdiction by identifying the citizenship of each member of AXG Roofing, LLC and BMS Cat of Michigan, LLC, as well as each other Defendant's principal place of business." (ECF No. 5.) In other words, in this diversity case the Court needed to make sure that the plaintiff and defendants were all citizens of different states.

On March 14, AXG responded. (ECF No. 6.) First, it clarified that all its members reside in Michigan and Illinois. (*Id.* at PageID.127.) Then it moved to the defendants. As for BMS Cat of Michigan, AXG provided documentation confirming that all members of that LLC reside in Texas. (ECF No. 6-1, PageID.130.) AXG also provided information that Obsidian Specialty Insurance Company is incorporated in Delaware and maintains its principal place of business in New York. (ECF No. 6-3, PageID.135.) So far, so good.

That just left Citizens. AXG advised that "Citizens Insurance Company of America was formed in and is domiciled in the State of Michigan which is also its principal place of business." (*Id.* at PageID.127.) To support this assertion, AXG attaches an exhibit, which says that the "State of Domicile" of Citizens Insurance is Michigan. (ECF No. 6-2, PageID.132.) This, however, is a problem for bringing this case in federal court. Indeed, because both AXG (the plaintiff) and one of the defendants (Citizens Insurance) are citizens of Michigan, there is not complete diversity amongst the parties and this Court lacks subject matter jurisdiction over this action. 28 U.S.C § 1332; *see Strawbridge v. Curtiss*, 7 U.S. 267 (1806).

Accordingly, for the foregoing reasons, this case is DISMISSED WITHOUT PREJUDICE.

SO ORDERED.

Dated: March 17, 2025

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE